## STOWE et v. BRANIGAN.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9263.   Decided Oct. 8, 1928.

Paul Stowe, Cleveland, for Stowe, et.

Geo. S. Myers, Cleveland, for Branigan.

SULLIVAN, P. J.

On an examination of the record and the answer, this court is of the opinion that a valid defense was interposed and that the court was not guilty of an abuse of sound discretion in vacating the judgment under the authority granted by the statute. The record, and the answer itself, in our judgment, are sufficient foundation for the vacation and suspension of the judgment until the final hearing of the cause, and hence we consider that there is no reversible error in the record.

The able brief of counsel for plaintiff in error exhaustively argues that there is no valid defense for the reason that under **Section 8157, G. C.** the plaintiffs in error as trustees, are holders of the notes in question in due course. We do not think this claim is well founded for the reason that it appears from the record that the trustees were in possession of the notes by virtue of a decree of court and therefore the question of due course is not applicable. That the trustees were acting as officers of the court under the decree, is settled by a letter in the record dated Nov. 8, 1927, from plaintiffs in error to defendant in error in which instrument, over the signatures of the trustees, they assert in writing that they are acting as officers of the court. The main point, however, is that under the decree of the court it is a fact which is more controlling in its nature than the letter itself, for the reason that the decree determines the trustees were acting by reason of the operation of the law and in such an eventuality we think that the doctrine of due course is immaterial. This position is further emphasized by the fact that even if the transfer of the notes in question was in due course, that, in and of itself, was not sufficient to cripple or destroy the power of the court, acting under the statute, to suspend the vacation of the judgement until final hearing of the cause where a valid defense was interposed as was shown by the answer itself, and by some of the evidence that was offered thereunder.

It is a well settled rule of law that transfers by operation of law, such as those that ensue under the bankruptcy laws, insolvency laws or laws pertaining to receiverships, are not in the usual coruse of business and there is no better title acquired by the transferee than the title claimed by the previous holders.

The main question however, and which is determinative of the issues in this case is whether the court committed prejudicial error under the answer submitted to it and the evidence bearing thereon and was justified in determining that there was a valid defense. If such justification existed it became the duty of the court under the statue to suspend or vacate the judgment and then and thereupon to set the case for hearing and determination. This latter was not done for the reason that exceptions were taken to the ruling of the court upon the refusal to grant the petition to vacate and upon the order of suspension.

Vickery and Levine JJ., concur.